UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JEFF ROGERS, *et al.*, ) | Civil No. 99-0061 |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | ORDER GRANTING |
| ) | REQUEST OF GUARDIAN |
| INTERNATIONAL BRIDGE ) | AD LITEM FOR AUTHORITY |
| CORPORATION, *et al.*, ) | TO RE-INVEST FUNDS |
| ) | |
| Defendants ) | |
| _____ ) | |

THIS MATTER came before the court on the request (see documents attached) of Jeff Rogers, guardian ad litem for his minor daughter, Kaiti Letafilyal Rogers, for authority to re-invest the funds under his control for the benefit of his daughter, in order to attempt to achieve greater returns than they are presently earning. Said funds were originally invested pursuant to the March 20, 2001, order of this court.

THE COURT, having considered the matter, and having determined that no other party has an interest in this ex parte motion, hereby

**ORDERS** that Jeff Rogers, in his continuing role as guardian ad litem for his daughter, Kaiti Letafilyal Rogers, shall be and hereby is given full authority to take whatever steps he deems necessary, in the exercise of his sound discretion, in regards to the funds under his control, consistent with his duty as guardian. The guardian shall have this authority and power until his daughter reaches the age of majority, which is age 18 in the State of Washington where they reside, at which time all funds shall pass to her custody and control, without any further order of the court being required. The guardian's authority shall include closing any existing accounts and opening any new accounts that the guardian deems desirable.

The guardian will not use or disburse any funds under his control for the use or benefit of any person other than his daughter, except for reasonable investment fees paid in regards to her investments, unless permission is first obtained from the court.

DATED this 21st day of February, 2008.

*Alex R. Munson*
ALEX R. MUNSON
Judge



"JEFF ROGERS" &lt;nwtradewins@gmail.com&gt;
02/16/2008 03:23 AM

To alex_munson@nmid.uscourts.gov
cc
bcc
Subject Civil action 99-0061

Honorable Alex R. Munson
U.S. District Judge CNMI

Re: Civil Action 99-0061

Dear Sir,

I am Guardian Ad Litem for my daughter Kaiti L. Rogers.
The reason for this Email is as follows:

On Mar 20, 2001, Your Order approving disbursement of settlement proceeds for my daughter was signed and the monies were put into the recommended allocation of these assets, as per advice from a professional investment firm. Over the past seven years, the market conditions have changed and have become very volatile. The investment firm has advised me that they have been unable to do any beneficial placement of funds due to the cumbersome nature of the court order .They are unable to move the money in or out of the initial funds. Because of this , Kaitis funds have barely progressed and have given up many gains due to market fluctuations, and inability of of the investment firm to respond to market changes. Of her intitial settlement of $37,843.49, her account now stands at just over 47 thousand dollars.

Obviously, I am very unhappy and have complained to the investment advisor who again tells me he is unable to move these monies out of the initial funds due to the courts restrictions.

This email is to ask the court to grant the ability to have these monies immediately moved into a more conservative investment.
Please advise how I should present this to the court for your approval.

Sincerely,
Jeff Rogers
Guardian Ad Litem for Kaiti L. Rogers



"JEFF ROGERS"
&lt;nwtradewins@gmail.com&gt;
02/19/2008 11:41 AM

To ·Randy_Schmidt@nmid.uscourts.gov
cc
bcc
Subject Re: Kaiti L. Rogers

Randy,
Thanks for reply-Yes, It was an admiralty case that started in Saipan, and was moved to Guam. Jeff Rogers et al vs. International Bridge Corporation civil action 99-0061 . The only paperwork I have in my possession, are the "Order approving of disbursement of settlement of proceeds of Kaiti Letafilyal Rogers, Minor" ,dated march 20, 2001 as well as the Ex Parte application of guardian ad litem for approval of investment of settlement proceeds of Kaiti Letafilyal Rogers, minor,dated Mar 19, 2001 and related paperwork as to the initial investment recommendations of Oppenheimer funds counselor. All the other files are in storage in another state -.I will scan them and email to you tomorrow, or I can fax them from home. Please advise me of your fax number. I don't know the docket number of the court order. but it may be better to get them both from Guam so they arrive together , instead of my faxing the order and you getting the other docket from Guam!
Thanks
JEFF

On Feb 18, 2008 3:32 PM, &lt;Randy_Schmidt@nmid.uscourts.gov&gt; wrote:

> Dear Mr. Rogers:
>
> Judge Munson has asked that I respond to your e-mail.
>
> After looking unsuccessfully through all our old files, it occurred to us
> that perhaps this was a case that Judge Munson handled on Guam.
>
> We are not able to access Guam's older database entries electronically, but
> it appears that the documents Judge Munson will need to review are Docket
> Entries No. 326 and 327, both dated March 20, 2001. We can obtain them from
> Guam, but if you have them in your possession and can scan them, it will be
> quicker if you can attach them to an e-mail and send them to me. I will
> then give them to the Judge.
>
> If you are unable to do so, please advise and I will set about getting them
> from Guam District Court.
>
> Thank you, Randy Schmidt, Law Clerk

Feb 20, 2008

Fr: Jeff Rogers
1957 Garrison Rd.
Camano Island, WA
98282

To: Randy Schmidt     fax 670 236-2911
Law Clerk
Saipan CNMI

Randy-
Following are: 3 documents as requested:
1) Order dated Mar 20, 2001
2) Ex Parte Application of Guardian Ad Litem
3) Letter of March 19, 2001 in reference to above

My proposal for re-investment of Kaiti's funds is to sell all funds that the monies are held in at this time (Oppenheimer) and to set up a trust account with Euro Pacific Capital located in Newport Beach, CA. (www.europac.net), a full-service broker/dealer dealing in foreign markets and securities.

I am in the process of putting together the investment strategy and will submit that for approval.
For now I would request that further losses in Oppenheimer be stopped by liquidating the funds to cash at this time.
Since that will take a while to accomplish - the trust account with Euro Pacific will be set up and ready to recieve Kaiti's proceeds.

Thank-you
Jeff Rogers